TOWN OF CORDOVA v. VILLAGE OF LE SUEUR CENTER.

December 12, 1898.

Nos. 11,375—(130).

**Defendant Liable for Support of its Paupers.**
By virtue of Sp. Laws 1881 (Ex. Sess.) c. 221, as amended by Sp. Laws 1885, c. 71, the village of Le Sueur Center, situate in Le Sueur county, is liable for the care and support of poor persons residing within its limits.

Upon Application for Reargument.

December 23, 1898.

**Same—Action against Relatives of Pauper Unnecessary.**
Plaintiff is not bound to have recourse against relatives of pauper before bringing action against defendant.   [Reporter.]

Appeal by plaintiff from an order of the district court for Le Sueur county, Cadwell, J., granting judgment to defendant notwithstanding a verdict for plaintiff.   Reversed.

*G. S. Ives* and *M. R. Everett*, for appellant.

*Charles C. Kolars*, for respondent.

BUCK, J.

The plaintiff herein, the town of Cordova, brought this action against the defendant village of Le Sueur Center to recover $427.68, with interest, for the care and board of two paupers whose legal residence was in the said village.   The plaintiff, within whose limits the paupers were found, returned them to the said village, the latter refused to receive or care for them, and the plaintiff did so.

The plaintiff and defendant are municipal corporations situated in the county of Le Sueur, in this state.   The village is situated in the town of Lexington, in said county, and was incorporated February 11, 1890, under the provisions of Laws 1885, c. 145; and it claims that it is not liable for the care and support of poor persons residing within its limits.

At the trial the court directed a verdict in favor of the plaintiff for the sum of $409.35.   Subsequently the defendant moved the

court to order judgment in favor of the defendant notwithstanding the verdict, and thereupon the court granted an order vacating and setting aside the verdict, and ordered judgment in favor of the defendant notwithstanding the verdict. The plaintiff appeals.

Is the village of Le Sueur Center liable for the care and support of the poor persons residing within its limits? That is the only question which we need examine and decide in this action; and, in order to arrive at a correct conclusion, an examination of the statutory law bearing upon the subject becomes necessary.

By virtue of Sp. Laws 1881 (Ex. Sess.) c. 221, each township in Le Sueur county was required to take care of and support its own poor. The general law of the state as to residence of poor persons was made applicable to such townships. This act was approved November 22, 1881; and under it the villages in Le Sueur county remained a part of the townships in which they were situate, for the purpose of supporting the poor. This act was amended by Sp. Laws 1885, c. 71, and the authority conferred upon the several boards of county commissioners in this state in taking care of and supporting their poor was conferred "upon the several town boards, boroughs and village councils in said county." This, by necessary implication, separates a village or borough from the town, for the purposes of support of the poor, and makes each village or borough a separate poor district, liable for the support of its own poor persons, and hence, by necessary implication, deprives the town in which such village is situate of the power to levy a tax on village property for the support of the town poor, and authorizes the village to levy a tax on the property within its limits for the support of its own poor.

It is true that under Laws 1885, c. 145, villages remained a part of the town in which they were situated, for all purposes except those specified in the act, but the care of the poor is not one of them. The acts, therefore, to which we have referred, seem to be harmonious, or at least they are not in conflict; and our construction of them seems to carry out the legislative intent in regard to supporting the poor in Le Sueur county, viz., that each municipality shall take care of its own poor persons. And this special legislation relating to Le Sueur county seems to run exactly parallel with

that relating to Wright county. See Town of Albion v. Village of Maple Lake, 71 Minn. 503, 74 N. W. 282. This liability of each municipality in Le Sueur county to support its own poor does not appear to have been removed by any subsequent legislative enactment. The law of 1889 (chapter 170), if valid, would only confirm the liability of these municipalities for the support of their poor, and, if invalid, would leave the primary municipal organization liable, as they existed prior to the passage of that law; hence we need not resort to that law as in any manner affecting the question of the defendant's liability.

Order reversed.

An application for a reargument having been made, the following opinion was filed December 23, 1898:

PER CURIAM.

The application for reargument is made solely upon the ground (which we inadvertently failed to pass upon in the opinion heretofore filed) that there was neither allegation nor proof that the pauper had no relatives who were liable and able to support him, and from whom the amount expended by the appellant for his support could be recovered.

There is nothing in this point. Where a pauper belonging to one town is found in another town, and, by reason of the refusal of the former to receive and care for him, the latter is compelled to do so, the latter is not bound to look for or have recourse against relatives of the pauper before asserting its claim against the town to which the pauper belongs, and upon which, as between the two towns, the burden of his support rests. The latter must respond to the former, and then itself pursue its remedy against the pauper's relatives, if he have any, who are liable or able to support him.