PETER F. YOUNG

*v.*

CHARLES S. DENEEN, State's Attorney.

*Opinion filed February 21, 1906—Rehearing denied April 5, 1906.*

1. INJUNCTION—*judgment will not be enjoined for defects in process or service.* Under section 7 of the Injunction act, providing that only so much of a judgment at law shall be enjoined as the complainant shall show himself equitably not bound to pay, a judgment will not be enjoined on the sole ground that the process or service thereof was not sufficient to invest the court with jurisdiction of the person of the defendant against whom the judgment was rendered.

2. BAIL—*surrender of principal need not be made to the sheriff.* In order to discharge the surety on a recognizance so as to make a new recognizance valid, it is not necessary that the principal be surrendered to the sheriff; and it is sufficient if the surety, principal and proposed surety on the new recognizance appear in the court having authority to re-commit the principal, where the surety on the old recognizance is released by agreement and the new recognizance entered into by the principal and the proposed surety.

WRIT OF ERROR to the Branch Appellate Court for the First District;—heard in that court on appeal from the Superior Court of Cook county; the Hon. THEODORE BRENTANO, Judge, presiding.

GEORGE G. BELLOWS, for plaintiff in error.

HARRY A. LEWIS, and CHARLES H. HAMILL, for defendant in error:

A bill to set aside a judgment for want of jurisdiction must deny, in apt terms, that the court rendering the judgment had jurisdiction of the complainant. *Railroad Co.* v. *Holbrook,* 92 Ill. 297.

If the proposed defense might have been interposed in the action at law, equity will not relieve from the consequences of neglect. *Ramsay* v. *Perley,* 34 Ill. 504; *Smith* v. *Powell,* 50 id. 21; *Ames* v. *Snider,* 55 id. 498; 73 id. 205.

An appearance in open court and giving new surety is a surrender and exoneration of the former surety. *Walton* v. *People,* 28 Ill. App. 645.

Mr. JUSTICE BOGGS delivered the opinion of the court:

This was a bill in chancery filed in the superior court of Cook county by the plaintiff in error for a decree declaring three judgments recovered against him by the People of the State of Illinois, in the criminal court of Cook county, to be void, and ordering the same to be canceled as clouds upon the title of the plaintiff in error to certain real estate, and for an injunction to restrain the sheriff from enforcing executions which had been issued on said judgments. A demurrer was sustained to the bill, and the bill was dismissed at the cost of the plaintiff in error. The decree was affirmed by the Appellate Court, and this is a writ of error to review the judgment of affirmance.

The bill alleged that one Herman B. Wickersham had, together with one Patrick Joyce as his surety, entered into recognizances requiring the said Wickersham to appear in the criminal court of Cook county and answer three indictments then pending against him; that Joyce desired to withdraw from said recognizances as surety, and that the plaintiff in error consented to enter into recognizances for the appearance of Wickersham, and that plaintiff in error, said Wickersham and Joyce appeared in said criminal court,

in open court, and that said Wickersham, and the plaintiff in error as his bail, in open court, entered into three criminal recognizances, one in the sum of $1500 and the other two in the sum of $1000 each, conditioned, respectively, for the appearance of the said Wickersham to answer each of the said indictments; that Wickersham did not appear to answer the indictments, and that afterwards judgments were entered in the said criminal court declaring each of said recognizances to be forfeited because of the non-appearance of the said Wickersham, and that subsequently writs of *sci. fa.* were issued on each of said judgments of forfeiture, and judgments were entered making the said forfeitures absolute, and said three judgments which were sought to be enjoined were duly entered of record in said criminal court. The bill contained allegations intended to show that in the issuance of the writs of *sci. fa.*, and the service thereof, irregularities or defects intervened to such an extent that the court did not obtain jurisdiction of the person of the defendant, and that the judgments should for that reason be enjoined.

Section 7 of chapter 69 (2 Starr & Cur. Stat. p. 2144,) provides that only so much of a judgment at law shall be enjoined by a court of equity as the complainant shall equitably not be bound to pay. In *Colson* v. *Leitch,* 110 Ill. 504, we held that under this statute, as well as by equitable doctrine independent from the statute, a court of equity will not enjoin the judgment of a court at law merely on the ground that the process in the action in which the judgment was entered, or the service thereof, was insufficient to invest the court with jurisdiction of the person of the defendant, but that to justify the interposition of a court of equity to restrain the enforcement of a judgment at law, it must be alleged in the bill that the complainant has a valid defense to the action in which the judgment was rendered and that a different result ought to be obtained from that adjudged by the court at law. In *Hier* v. *Kaufman,* 134 Ill. 215, we held that a court of equity would not set aside the judgment

of a court at law for alleged want of service of process unless the judgment be shown to be unjust and inequitable. *Wright* v. *Simpson,* 200 Ill. 56, again declares the same doctrine.

The plaintiff in error insists it appeared from the allegations of the bill that Wickersham first entered into recognizances to answer the three indictments with Joyce as his surety, and that other recognizances could only be legally taken when the recognizances first taken had in some manner ceased to be of legal force or effect; that the recognizances entered into by the plaintiff in error were taken on the theory that Joyce, the bail on the first recognizances, had surrendered the principal in accordance with the provisions of the statute and discharged himself from liability, and that the bonds first taken became nugatory for that reason and the new recognizances were legally taken. The plaintiff in error contends that section 14 of division 3 of the Criminal Code (Hurd's Stat. 1899, p. 624,) provides that the surrender of the principal shall be made to the sheriff of the county where the principal is required to appear and answer the indictments; that this provision is mandatory, and that a legal surrender can be made in no other manner. This is an erroneous view. Sections 13, 14 and 15 provide the bail with the authority to enforce surrender of the principal. Section 11 authorizes a voluntary surrender to be made by the principal. The bill alleged that Joyce desired to "withdraw" from the said recognizances and that the plaintiff in error was solicited to become bail in his stead, and, relying on certain statements made by Wickersham, consented to enter into recognizances for Wickersham to answer the indictments, and that he went "to the State's attorney's office of Cook county and then and there met Joyce and Wickersham, and there scheduled real estate, and then went with Joyce and Wickersham to the court room of the Hon. Arthur H. Chetlain, one of the judges presiding in the aforesaid criminal court, and then and there, said court being in session,

your orator entered into three recognizances, with the said Wickersham as principal, to the People of the State of Illinois, your orator as bail, for the appearance of Wickersham to answer the aforesaid indictments, one being in the sum of $1500 and the remaining two in sums of $1000 each, as appears by the records of said court." The bill expressly denies that Joyce surrendered or delivered Wickersham to the sheriff, or that Wickersham was in the custody of the sheriff or any of his deputies when the plaintiff in error entered into the recognizances.

Section 11 of division 3 of the Criminal Code authorized the surrender to be made in open court. That section reads as follows: "In all cases of bail for the appearance of any person charged with a criminal offense, his sureties or any of them may, at any time before default upon the bond or recognizance, surrender the principal in their exoneration, or the principal may surrender himself to the proper officer." (Hurd's Stat. 1899, p. 623.)

"Surrender is made by the delivery of the accused to a person or court having authority to re-commit or re-bail him." (3 Ency. of Pl. & Pr. 245; *State* v. *LeCerf*, 1 Bailey, 410.) Joyce and the plaintiff in error went into open court, and the act of Wickersham and the plaintiff in error in offering to enter into the new recognizances was an offer upon the part of Joyce, as bail for Wickersham, to surrender his principal in exoneration of his obligations, and also an offer on the part of the principal to surrender himself in discharge of the former recognizances. The recognizances there entered into by Wickersham and the plaintiff in error were legal and valid and operated to discharge Joyce as bail. It does not, therefore, appear from the allegations of the bill that the plaintiff in error has any defense to make against the judgments sought to be enjoined.

There was no equity in his bill, and the demurrer was therefore properly sustained. .    *Judgment affirmed.*