**In the Matter of the Estate of Ollie M. Hallock, deceased.**
**William H. Allen, Administrator, Appellant, v. P. Hempstead, Appellee.**

### Gen. No. 5268.

1. Administration of estates—*when widow not barred of right to award.* It is not until the lapse of seven years after the death of her husband that a widow becomes barred by laches of the right to an award.

2. Administration of estates—*when widow's award allowed to her estate. Held,* under the evidence in this case, that the estate of the widow was entitled to the credit of her award and that her estate should not be made to suffer for the benefit of the creditors of her husband's estate who themselves had been guilty of laches

in failing, as such widow had failed, to obtain administration upon the estate of such husband.

3. ADMINISTRATION OF ESTATES—*when appraisement of widow's award irregular.* An administrator has a right to be a party to the making and return of the appraisement bill and widow's award. If the appraisement is made without notice to or knowledge of the administrator, the same is irregular and may be set aside, but it will not be so set aside unless harm has resulted.

4. ADMINISTRATION OF ESTATES—*power of court of probate over its record.* Entries of record made in a court of probate either through fraud or by mistake, may be set aside by such court at a subsequent term.

Motion to set aside appraisement, etc. Appeal from the Circuit Court of Kane county; the Hon. DUANE J. CARNES, Judge, presiding. Heard in this court at the October term, 1909. Reversed. Opinion filed May 18, 1910.

CHARLES A. MILLER, for appellant.

HARRY G. HEMPSTEAD, for appellee.

MR. PRESIDING JUSTICE DIBELL delivered the opinion of the court.

On August 9, 1901 Ollie M. Hallock died intestate leaving surviving him Arabella Hallock, his widow, and two minor sons. He left a few hundred dollars worth of personal goods and chattels, and $169.20 in the hands of a building and loan association. The widow took possession of all the goods and chattels except the cash in the hands of the building association. If letters of administration had been taken out, she would have taken all of this property on her widow's award, under the lowest estimate that could have been reasonably made by appraisers. No administration upon her husband's estate was had during her lifetime, obviously because all the property would belong to her on her widow's award. She died on February 18, 1905, leaving as her only heirs the two sons aforesaid, who were still minors. She left considerable property, both in real and personal estate, and

administration was soon after taken out upon her estate by William H. Allen. About a year later a creditor of Ollie M. Hallock procured letters of administration upon his estate to be issued to P. Hempstead. Hempstead reported to the Probate Court that there was no widow or other person entitled to an award, and no personal property subject to appraisement, and he asked that no appraisers be appointed. Afterwards the administrator of Mrs. Hallock's estate appeared in the estate of Mr. Hallock before the Probate Court, and obtained the appointment of appraisers, who returned an appraisement bill in which they fixed the amount of the widow's award at $1158; and said appraisement bill and award was approved by the court. The record was so written up as to show that this appointment of appraisers was obtained by, and their report returned by, the administrator of Mr. Hallock's estate; but, in fact, his administrator knew nothing of the appointment of appraisers or of the making of the widow's award until some months afterwards. When he learned of this appraisement and widow's award, the administrator of Ollie M. Hallock's estate made a motion in the Probate Court that said appraisement bill and widow's award be set aside, and that motion was granted on a hearing. The administrator of the estate of Mrs. Hallock appealed from that order to the Circuit Court, where there was a hearing and a like order was entered, from which the administrator of Mrs. Hallock appeals to this court.

The statute gave the widow the right to an award and she took and converted to her own use, before an award was made, that which she would have been permitted to select under the award. She might have taken out letters of administration and had the award made, but did not do so, and was not required to do so. The creditor also could have taken out letters of administration after the lapse of sixty days from the death of Ollie M. Hallock; and the creditor therefore

was guilty of substantially the same laches which is here attributed to Mrs. Hallock. A little over five years and three months elapsed from the death of Ollie M. Hallock till the making of the widow's award. We think it fairly implied in Jespersen v. Mech, 213 Ill. 488, that the widow is not barred by laches from obtaining a widow's award till the lapse of seven years from the death of her husband. By section 75 of the Administration Act the right to obtain an award passed to her administrator at her death. As she took the personal property which (or the proceeds thereof,) would have been hers by award, we do not think it should be held that her administrator is barred from obtaining the award to which she was entitled from her husband's estate, when she would not be barred if living. As she left an estate of considerable value, the effect of depriving her of a widow's award would be to compel her estate to pay to her husband's estate, for the benefit of his general creditors, the value of all the property which she took at his death and which would have been hers under a widow's award if one had been made in her lifetime. We do not think that her estate should be punished in that way for her laches when the creditor who caused letters of administration to be finally issued in her husband's estate was guilty of practically the same laches. If he had acted promptly after the husband's death and the lapse of sixty days, she would have received this property or its proceeds upon her widow's award in her lifetime.

The Administration Act, however, intends that the administrator of the estate of the deceased husband shall be a party to the making of the appraisement. Section 52 authorizes the administrator to show to the appraisers the goods and chattels and personal estate of the deceased. Section 55 requires the appraisers to deliver the appraisement bill to the administrator, and requires him to return the same to the office of the clerk of the County Court. Section 59 requires

the administrator, if he discovers after the appraisement that the personal property and assets do not exceed the amount of the widow's allowance, to report the facts to the court, and the court shall then order the property and assets to be delivered by the administrator to the widow, and discharge the administrator. It is clear that the administrator has a right to be a party to the making and return of the appraisement bill and widow's award. Here the fact is shown to be that the administrator of the estate of Ollie M. Hallock knew nothing of the making of the appraisement or of the allowance of the widow's award or of its approval till a later term of court, several months afterwards. The action had been taken in fact on the application of the administrator of Mrs. Hallock's estate, without notice to or knowledge of the administrator of the estate in which the order was entered. True, the record recited that the administrator of the Ollie M. Hallock estate caused this action to be taken. The clerk testified that he was accustomed to write his records in that way without knowing whether the administrator did in fact appear and take the action or not. It is argued that the record must stand as written, and cannot be shown to be incorrect. A probate court acts upon general equitable principles in the settlement of estates, and whenever a court of equity would have jurisdiction on a bill in equity to set aside action taken at a previous term, or in another court, and to disregard the form in which a transaction had been placed, because of fraud or mistake, a probate court, on motion at a later term, can set aside its prior proceedings. These principles are announced and variously applied in Brandon v. Brown, 106 Ill. 519; Schlink v. Maxton, 153 Ill. 447; Strauss v. Phillips, 189 Ill. 9; Sherman v. Whiteside, 190 Ill. 576; Heppe v. Szczepanski, 209 Ill. 88; Whittemore v. Coleman, 239 Ill. 450. The action of the administrator of Mrs. Hallock's estate in appearing before the Probate Court and procuring

these orders to be entered in the estate of Ollie M.
Hallock, deceased, without the knowledge of the ad-
ministrator of that estate, and the making of these
entries erroneously showing the administrator of Ollie
M. Hallock's estate present and taking the action,
must be attributed either to fraud or mistake, and
in either event the court had power at a later term
to set the same aside. The Circuit Court had the
same power on appeal. Miller v. Miller, 82 Ill. 463;
Marshall v. Rose, 86 Ill. 374.

But the mere fact that there was an irregularity
in the manner in which this appraisement and award
were obtained is not sufficient of itself to require that
it be set aside. The Probate Court had jurisdiction
of the estate of Ollie M. Hallock. The widow had
been entitled to an award. She had taken the articles
which she could have selected if the award had been
made in her lifetime. The personal property ap-
praised and the money in the bank, together, were less
than the most moderate allowance which could have
been made to her under section 74 of the Administra-
tion Act, as it then read. Her administrator became
entitled to procure the award after her death. Free-
man on Judgments, section 498, lays down the rule
that a court of equity will not interfere to set aside
a judgment until it appears that the result will be
other or different from that already reached. This
rule has been applied in Hier v. Kaufman, 134 Ill. 215;
Farwell v. Huston, 151 Ill. 239; Blake v. State Bank, 178
Ill. 182; Young v. Deneen, 220 Ill. 350; and in other
cases in this state. There was no proof that Ollie
M. Hallock died possessed of other personal property
not included in the appraisement. There was no
proof that the amount fixed for the widow's award was
excessive or unreasonable, or was an unreasonable
valuation of the specific articles allowed the widow by
section 74 of the Administration Act, as then in force.
If the order appealed from is sustained, the Probate
Court must, upon the application of the administrator

of the widow's estate and after due notice to the administrator of the husband's estate, proceed to again appoint appraisers to make another appraisement and award; and there is nothing to show that any more property will be appraised or that a higher value will be placed upon it, or that the widow's award will be less than that already made. In other words, it is not shown that the irregularity complained of has harmed the estate. There is therefore no adequate reason for disturbing the appraisement and award already made. If the administrator should find other personal property of the deceased this does not deprive him of the power and duty to administer thereon.

The orders of the Circuit Court and of the Probate Court, setting aside the appraisement and widow's award, are therefore reversed.

*Reversed.*