Town of Aroma Park, Kankakee County, Illinois, Appellant, v. Town of Papineau, Iroquois County, Illinois, and George Gravaline, Appellees.

Gen. No. 9,737.

Opinion filed January 27, 1942.

VICTOR LAURIDSEN, of Kankakee, for appellant.

ELMER A. TAYLOR, of Watseka, for appellee Town of Papineau.

FRANK J. BURNS, of Kankakee, for appellee George Gravaline.

MR. JUSTICE DOVE delivered the opinion of the court.

Town of Aroma Park, Kankakee county commenced an action in the circuit court of that county, under section 16 of the Paupers Act, against the Town of Papineau, in Iroquois county, to recover $2,946.01 for aid furnished Alphonse Gravaline, his wife and seven children. The cause was transferred to Iroquois county on a change of venue and an amended complaint was filed adding George Gravaline, the father of Alphonse, who lived in Kankakee county, as a defendant. On motion of each of the defendants the amended complaint was dismissed for want of jurisdiction, and this appeal followed.

Section 16 of the Paupers Act, as amended by the act of March 6, 1936 (Laws 1935–36, Second Spec. Session, p. 73 and as in force during the period of the aid here furnished, provided:

"If any person shall become chargeable as a pauper in any . . . town, who did not reside therein at the commencement of twelve months immediately preceding his becoming so chargeable, but did at that time reside in some other . . . town in this state, it shall be the duty of the . . . town clerk . . . to send written notice by mail or otherwise to the clerk of such other . . . town in which such pauper so resided, . . . requesting the proper authorities of such . . . town, . . . to remove said pauper forthwith, and to pay the expenses accrued or to accrue in taking care of the same; and such . . . town . . . where such pauper resided at the commencement of the twelve months immediately preceding such person becoming chargeable as a pauper, shall pay to the . . . town so taking care of such pauper, all reasonable charges for the same, and such amount may be recovered by suit in any court of competent jurisdiction."

By section 15 of the same amendatory act, it is provided that in counties under township organization,

the various towns, other than those lying within the corporate limits of any city, village or incorporated town having a population of more than 500,000 inhabitants, shall relieve and support all poor and indigent persons lawfully residing therein ''except as herein otherwise provided,'' with other exceptions not pertinent here.

As averred in the amended complaint, and admitted by the motions to dismiss, the facts are as follows: Alphonse Gravaline and his family moved from the Town of Papineau to the Town of Aroma Park on March 2, 1937. They became chargeable as paupers in July of that year. Alphonse was unable to earn a livelihood in consequence of a bodily infirmity or other unavoidable cause. The children were not of sufficient ability to contribute to the support of their parents. At the commencement of 12 months immediately prior to becoming so chargeable, they lived in the Town of Papineau. Notice in compliance with section 16 was sent by the Town of Aroma Park to the Town of Papineau. The latter town did not remove the family, but supported them from October 18, 1937 to March 1, 1938, since which it has refused to either remove or support them. The Town of Aroma Park thereafter sent a further like notice to the Town of Papineau. George Gravaline was of sufficient financial ability to support Alphonse and his family, and although requested to do so by the Town of Aroma Park, refused to support them.

The question of jurisdiction necessitates a consideration of the several applicable provisions of the Paupers Act as then in force. Section 1 imposes liability for the support of every poor person unable to earn a livelihood in consequence of any bodily infirmity, idiocy, lunacy or other unavoidable cause, upon his kindred therein named. Section 2 prescribes the order in which they are liable. Among the relatives named are parents and grandparents. George Grava-

line is in both these classes. Section 3 provides that upon the failure of the relatives to support such poor person, as provided by the act, it shall be the duty of the State's Attorney to make complaint thereof to the county court of his county against the relatives liable, and prosecute the same. Section 4 authorizes the overseer of the poor of the town or precinct where the poor person resides to make such complaint, and provides that it shall be his duty to do so in all cases where there may not be a county agent or State's Attorney, or when either of them shall refuse or neglect to make the complaint. Succeeding sections provided for summons, trial, ordering support or partial support according to ability, changes in the order of the court as circumstances require, and for enforcing payment. These provisions are prospective only. None of those sections, and no other provision of the act, or of any other statute, provides for recovery by any town against any relative of a pauper for aid already furnished, except by towns and other municipalities of more than 500,000 inhabitants, under a proviso in section 2. That proviso has no application here. Under the well-known rule of statutory construction, the provision for such recovery being limited to political units of more than 500,000 inhabitants, all other political units are excluded. "Expressio unius est exclusio alterius." (*Blakeslee's Storage Warehouses, Inc. v. City of Chicago,* 369 Ill. 480; *People v. Wiersema State Bank,* 361 Ill. 75.)

At common law there was no duty imposed upon kindred of any degree to support an indigent relative, except upon parents to support their offspring until they attained the age of maturity. To remedy these defects the statute of 43 Elizabeth, ch. 2, sec. 7 was passed, imposing the duty upon the father and grandfather, mother and grandmother, and the children of an indigent person. The statute of this State enlarges those classes to include grandchildren, brothers and

sisters. (*People v. Hill*, 163 Ill. 186.) There is no constitutional or common-law obligation upon the State or any governmental unit to support poor and destitute persons. The whole matter of poor relief is purely statutory. (*People ex rel. Heydenreich v. Lyons*, 374 Ill 557.) The statute is the sole source upon which recovery against any relative can be predicated. The method and forum being prescribed, the designated action,—that is, an action for the future support of the indigent person by his kindred,—is the only one which can be maintained against such kindred. There being no provision for recovery against relatives on account of past aid furnished, it is manifest that as to George Gravaline the court did not have jurisdiction of the subject matter.

There is a vast difference between an action against relatives of a pauper for his future support, as provided for by section 3 and 4, *et seq.*, where the jurisdiction is limited to the county court, and an action under section 16 by one town against another for aid already furnished under the latter section, which expressly provides for recovery in any court of competent jurisdiction. This provision gave the circuit court jurisdiction of the cause of action between the two towns, and the duty of determining whether under the admitted facts the Town of Papineau is liable under section 16.

On the merits, as between the two towns, appellant claims that under the admitted facts the Town of Papineau comes squarely within the provisions of section 16. The latter contends that the various towns are not obliged to support paupers until there has been a determination that support cannot be enforced against relatives as provided in sections 1 and 2 of the act. As between the pauper and the town where he resides this contention is answered adversely in *Town of Kankakee v. McGrew*, 178 Ill. 74. The Town of Papineau also urges that the provisions of sections 1, 2, 3

and 4 are mandatory and cast the primary duty of support upon the relatives, with a corresponding duty of enforcing the provisions thereof upon the town where the pauper resides, and that such town cannot recover from the town from which the pauper came without first exhausting its remedy against the relatives.

By the amendatory act of March 6, 1936, above mentioned, section 2 was amended, section 4 replaced the prior section 4 and section 16 was amended. These sections are therefore in *pari materia* and must be construed together. It will be noticed there is no express provision in any section of the statute requiring the town where the pauper is then present to first proceed against his relatives before notifying the town from whence he came to remove him and pay the expenses accrued or to accrue in taking care of him. It is further to be noticed that the duty of a town, under section 15, to relieve and support all poor and indigent persons lawfully residing therein, is only imposed "except as herein otherwise provided." It is manifest that this exception is referable to section 16. It is equally obvious that section 16 imposes the duty on the Town of Papineau to remove the family and pay the expenses accrued or to accrue as provided therein. In *Town of Bristol v. Town of Fox,* 159 Ill. 500, it is held that the Town of Fox, from which the unfortunates came, had the right to remove them, and that, having that right, even as against their consent, and failing to do so, it was not relieved from its liability to pay the necessary expenses incurred by the other town in taking care of them. The court in that case further held even if it did not have the right to remove the family, its liability for their support did not cease because they were not, or could not, be removed; that they were lawfully residing in the Town of Bristol when they were overcome by misfortune which made them paupers, and section 15 casts

upon that town the duty to support them; but as they did not reside there at the commencement of the 12-months period preceding their becoming paupers, but then resided in the Town of Fox, the latter became liable for the expenses "accrued and to accrue" in taking care of them, upon notice; and that, stated in another way, it was the duty of the Town of Bristol to furnish the support and notify the Town of Fox, and it was the duty of the latter to remove the family and pay all expenses incurred up to that time as well as those which might afterward be incurred. The court then said: "We do not think it can be seriously insisted that these duties terminated with giving notice and paying expenses up to that time." In *Town of Kankakee v. McGrew, supra,* the duty of a town where a pauper resides to immediately provide relief without waiting for action against relatives is recognized. The continuance of that duty by such town, and the continuing liability of the town where the pauper lived at the beginning of the 12-months period is laid down in *Town of Bristol v. Town of Fox, supra.*

In harmony with the views expressed in those two cases, it was held in *Town of Cordova v. Village of Lesueur Center,* 74 Minn. 515, 77 N. W. 430, in a suit by the first named against the latter, that a town suing the village of a pauper's former residence for his support, need not first assert its claim against the pauper's relatives; that the latter must respond to the former and then itself pursue its remedy against the pauper's relatives, if he had any, and who are liable to support him.

The statute expressly imposes a duty upon the Town of Papineau to remove the unfortunates from the Town of Aroma Park and to pay the expenses of their support. There is no provision for allowing one town, having a continuing liability for the support of those who move to another town and are overcome

with misfortune, to shift its liability to the other town by failing to remove them, and paying for their support only up to the end of the 12-months period mentioned. To throw the burden of proceeding against relatives upon the Town of Aroma Park would be to require it to step into the shoes of the Town of Papineau and in effect nullify the provisions of section 16.

That part of the judgment dismissing the suit as to George Gravaline is affirmed. In all other respects the judgment is reversed and the cause is remanded with directions to overrule the motion of the Town of Papineau to dismiss and for such further proceedings as provided by law.

*Judgment affirmed in part, reversed in part, and cause remanded with directions.*