In the Matter of Estate of Mary E. Dillman, Deceased. Warren Calvert, as Administrator of Estate of Mary E. Dillman, Deceased, Appellant, v. J. W. Dillman, as Administrator of Estate of Noah Dillman, Deceased, Appellee.

Term No. 55–O–23.

Fourth District.

November 1, 1955.

Modified opinion, February 14, 1956.

Released for publication February 14, 1956.

Dale Wilson, of Newton, for appellant.

J. A. Eaton, of Newton, for appellee.

JUSTICE SCHEINEMAN delivered the opinion of the court.

This appeal involves objections to the final report and account of Warren Calvert as administrator of the estate of Mary E. Dillman, deceased. She and her husband, Noah Dillman, died as a result of a common accident, but the husband survived the wife by a few hours. She had a small amount of personal estate and left no children surviving her.

The report disclosed that most of the personal estate of Mary E. Dillman had been expended for funeral expenses, claims, and costs of administration, leaving less than $40 to be paid over to the husband's estate. However, no spouse's award had been fixed and allowed and this was one of the objections to the report.

It also appeared that the administrator had obtained a settlement of $1,400 for the wrongful death of Mrs. Dillman. The administrator contended that after payment of attorneys' fees out of the fund it should be distributed to Mrs. Dillman's nephews and nieces as her next of kin. This was objected to in behalf of the Noah Dillman estate on the ground it was not in accordance with the wrongful death statute.

The objections were sustained by the county court sitting in probate. Warren Calvert as administrator appealed to the circuit court, with the same result, and he has now perfected this appeal as sole appellant. The sole appellee is J. W. Dillman, administrator of the estate of Noah Dillman, deceased. The decree appealed from ordered a spouse's award of one thousand dollars allowed as a second-class claim. Appellant contends this was error on the ground there was no need to provide for support of a husband who survived his wife by only a few hours.

■ It is true that the award, in the first instance, is based on the need for support during administration. But the statute further provides that the minimum shall be $1,000 and the personal representative of a surviving spouse makes the selection in case that spouse dies before payment. Ch. 3, Ill. Rev. St., Secs. 330 and 333 [Jones Ill. Stats. Ann. 110.427 and 110.430]. The rule is correctly stated in James' Illinois Probate Law and Practice, Sec. 178.5 (e) as follows:

"The death of a surviving spouse before obtaining the award does not defeat the right to the award and the right may be asserted by her representative. This was true under the former law and it is true under the Probate Act."

As to the funds recovered under the Wrongful Death Act, the court allowed $500 as attorneys' fees in that proceeding and directed that the balance be used for

241

payment of claims and funeral expenses. It ordered that the net estate of Mrs. Dillman be paid to the Noah Dillman estate. By virtue of the spouse's award and attorneys' fees, computation indicates there will be no such balance.

■ Appellant contends that the death of Noah Dillman caused his rights as husband under the Wrongful Death Act to abate, thus leaving Mrs. Dillman's nephews and nieces as next of kin under the Act, citing Wilcox v. Bierd, 330 Ill. 571. The cited case is misconstrued. The decision specifically held that the persons entitled to recover for wrongful death are determined as of the time of the death which gave rise to the cause of action; and upon the death of such persons before recovery, the right of action abates and no new class of next of kin is created.

■ This is the law by virtue of the Wrongful Death Act, Ch. 70, Ill. Rev. St., Sec. 2 [Jones Ill. Stats. Ann. 38.02], which provides that recovery thereunder is for the exclusive benefit of the widow and next of kin of the deceased as provided "by law in relation to the distribution of personal property left by persons dying intestate." The word "widow" includes "widower," Cleveland, C., C. & St. L. Ry. Co. v. Baddeley, 150 Ill. 328.

By our law of descent, Ch. 3, Ill. Rev. St., Sec. 162, paragraph 3 [Jones Ill. Stats. Ann. 110.258, subd. 3], the surviving husband of a woman who dies intestate without descendants receives the entire net personal estate of the decedent. Since this is the distribution referred to in the Wrongful Death Act, above quoted, it follows that the nephews and nieces of Mrs. Dillman have no possible claim to the settlement obtained for her wrongful death.

■ The right of the sole beneficiary of this fund having abated, it might appear that the subsequent settlement for the death of Mrs. Dillman consists of orphan dollars. However, the legislature took care of

that by amending the Wrongful Death Act to provide, in substance, that where there is no widow or next of kin "entitled to recovery" then damages recovered under that Act are to be used for medical expenses, funeral expenses, cost of administration, etc., Ch. 70, Ill. Rev. St., Sec. 2, Par. c. The distribution which has been ordered in this estate is in accordance with this statute and is proper.

The orders entered were correct in all respects, and the decree is affirmed.

Decree affirmed.

BARDENS, P. J. and CULBERTSON, J., concur.