Lillian L. MOLNER, Arthur Reinhold, and David Silbert, as executors under the Will of Herman Molner, Deceased, Plaintiffs,

v.

UNITED STATES, Defendant.
No. 58 C 1721.

United States District Court
N. D. Illinois, E. D.
May 22, 1959.

Morton John Barnard, George Hugh Barnard, David Silbert, Chicago, Ill., for plaintiffs.

R. Tieken, U. S. Atty., Harvey M. Silets, Asst. U. S. Atty., Chicago, Ill., Charles K. Rice, Asst. Atty. Gen., James P. Garland, Lyle M. Turner and Garry A. Pearson, Attys., Dept. of Justice, Washington, D. C., for the defendant.

IGOE, District Judge.

Plaintiffs, as executors under the will of Herman Molner, deceased, have brought this suit pursuant to Section 1346(a) (1) of Title 28, U.S.Code, to recover federal estate taxes alleged to have been erroneously or illegally assessed or collected by virtue of the death of Herman Molner, who died May 28, 1951, a resident of Cook County, Illinois, and a citizen of the United States. Plaintiff, Lillian L. Molner, is one of the executors and is the surviving spouse of Herman Molner.

This case has been submitted upon a stipulation of facts and motion for summary judgment by each party on the issue whether a surviving spouse's award allowed by the Probate Court of Cook County on November 1, 1951, and paid to the widow qualifies for the marital deduction under Section 812(e) of the Internal Revenue Code of 1939, 26 U.S.C. § 812(e), in computing the federal estate tax due on the estate of Herman Molner, deceased. Plaintiffs' right to recover is dependent upon such qualification.

The will of Herman Molner was admitted to probate by the Probate Court of Cook County, Illinois, on August 29, 1951, and letters testamentary issued thereon.

On November 1, 1951, pursuant to the provisions of the Illinois Probate Act, S.H.A. ch. 3, § 151 et seq., a surviving spouse's award of $25,000 was allowed to Lillian L. Molner, wife of Herman Molner, and was approved by the Probate Court. The award was paid in full to her by the executors in three equal installments on November 29, 1951, February 28, 1952, and May 30, 1952, respectively.

The executors filed a federal estate tax return on October 27, 1952, showing:

Gross estate – $802,514.60

| | | |
|---|---|---|
| Deductions: (other than marital and charitable) | – | $56,055.83 |
| Marital deduction: | | |
| Surviving spouse's award | $25,000.00 | |
| Schedules D, E, F | 5,619.53 | |
| Article Third of Will | 221,946.41 | |
| Total | $252,565.94 | |

Charitable – $63,000.00.
Total deductions: $371,621.77.
Net Estate before Exemptions – $430,892.83;
and paid a tax due thereon of $96,597.14.

---

Upon audit, the Director determined that the valuation of the gross estate should be increased by $30,300, thereby increasing the estate subject to tax by $20,200 (the difference passing under Article Third of the Will and qualifying for the marital deduction). No other change was made in the return as filed.

As a result of the increase in the net estate subject to tax, the federal estate tax due was increased by $5,817.60. The executors accepted the increase and paid the amount of the deficiency of $5,817.60 and $605.66 interest on July 23, 1954.

Subsequently, the will was construed by the Appellate Court of Illinois (See

Molner v. Silbert, 8 Ill.App.2d 388, 132 N.E.2d 36). As a result of the construction, the amount distributable under Article Third of the Will, which distribution qualified for the marital deduction, was increased.

On June 26, 1956, plaintiffs filed a claim for refund of $5,871.18, based upon

(1) Additional expenses of administration and non-marital deductions—$3,778.26.

(2) Increase in marital deductions by reason of construction of Will by Appellate Court—$14,504.80.

Total—$18,283.06.

The Director allowed $1,107.35, the tax attributable to (1) but disallowed the balance of $4,763.83 applicable to (2).

The reason given by the Director for disallowing the claim of $4,763.83 was that the surviving spouse's award of $25,000 did not qualify for the marital deduction under Section 812(e) of the Internal Revenue Code of 1939, asserting (1) the award did not constitute an inheritance from the decedent and (2) it constituted a terminable interest under the Illinois law and was disallowed by virtue of Section 812(e)(1)(B) of the 1939 Code. This suit was brought to recover the amount of the tax allegedly overpaid by reason of such disallowance. In view of the amount repaid to plaintiffs in connection with that portion of the claim that was allowed, the amount, if any, due plaintiffs is $4,648.55.

The sole question for determination is whether the surviving spouse's award allowed and paid to Lillian L. Molner, widow of Herman Molner, pursuant to the Illinois law qualifies for the marital deduction under Section 812(e) of the Internal Revenue Code of 1939. If it qualifies, plaintiffs are entitled to judgment in the amount of $4,648.55, plus statutory interest thereon from July 23, 1954, and costs of this suit; if it does not qualify, defendant is entitled to judgment and plaintiffs shall take nothing by their suit.

Defendant has conceded that since the issuance of Rev.Rul. 83, 1953—1 Cum. Bull. 395, the award constitutes an interest which passes to the surviving spouse, but states that the position of the Treasury Department is that a surviving spouse's award will qualify for the marital deduction only if it appears that the spouse has a vested right of property which is not terminated by her death or other contingency; that whether any interest thus taken by the surviving spouse satisfies the statutory requirements in this respect is to be determined in the light of the applicable provisions of the State statutes, as interpreted by the local courts.

Rev.Rul. 83 states, in part:

"Under the general rule of subparagraph (A) of Section 812(e)(1) of the Code, the marital deduction will be allowed with respect to any interest in property included in the gross estate which passes from a decedent to his surviving spouse as absolute owner. In order to qualify under this subparagraph, any right of a widow to an allowance in her husband's estate must be a vested right of property which is not terminated by her death or other contingency. Therefore, if a widow's allowance for the full period of settlement of the estate is such that the allowance, or any unpaid balance thereof, will survive as an asset of her estate in case she dies at any time following the decedent's death, the interest thus taken by the widow would clearly consitute a deductible interest under Section 812(e)(1)(A) of the Code. Whether any interest thus taken by a widow satisfies the statutory requirements in this respect is to be determined in the light of the applicable provisions of the State statutes, as interpreted by the local courts."

Defendant's contention is (1) that the surviving spouse's award is subject to the provisions of subparagraph (B) of Section 812(e)(1) and (2) that under Illinois law the award is a terminable interest as defined in (B).

Plaintiffs' position is (1) in view of the legislative history relating to the 1950 amendment to the 1939 Code (S. Rept.No. 2375, 81st Congress, 2d Sess. 1950–2CB 483, 525, 576, U.S.Code Cong. Service 1950, p. 3053), which eliminated the surviving spouse's allowance as a general deduction for estate tax purposes, the intention of Congress was that support allowances actually paid to a surviving spouse out of the decedent's gross estate should qualify for the estate tax marital deduction, citing as authority the opinion of Judge Pierce, concurring in part and dissenting in part, in Estate of Proctor D. Rensenhouse, 1959, 31 T.C. No. 81 (1959) (CCH Tax Court Reporter, 1959, p. 2069) (¶ 31.81 P–H T.C. 1959); and (2) in any event, the award allowed under Illinois law is not a terminable interest within the meaning of subparagraph (B) of Section 812(e) (1).

Assuming, without deciding, that subparagraph (B) of Section 812(e)(1) of the 1939 Code is applicable to the surviving spouse's award generally, in view of defendant's concession that it constitutes an interest which passes to the surviving spouse, before it can be disallowed as a marital deduction under Section 812(e), it must be established that it constitutes a "terminable interest" under subparagraph (B), that is an interest which will terminate or fail:

"   *   *   *   Upon the lapse of time, upon the occurrence of an event or contingency, or upon the failure of an event or contingency to occur   *   *   *

"(i) if an interest in such property passes or has passed   *   *   *   from the decedent to any person other than such surviving spouse (or the estate of such spouse); and

"(ii) if by reason of such passing such person (or his heirs or assigns) may possess or enjoy any part of such property after such termination or failure of the interest so passing to the surviving spouse;   *   *   *"

Since the enactment of Section 812(e), only three cases decided by United States Courts have passed upon the question as to whether a surviving spouse's award qualifies for the marital deduction. The first of these was King v. Wiseman, D.C.Okl., 147 F.Supp. 156, in which the court held that under the Oklahoma statutes the allowance given to a widow, when approved and authorized by the Probate Court, vests in the widow an absolute indefeasible right to the allowance and it therefore qualifies for the marital deduction under Section 812(e) of the 1939 Code.

In Estate of Cunha, 30 T.C. 812, the Tax Court, relying upon In re Blair's Estate, 42 Cal.2d 728, 269 P.2d 612, held that under the California Law, the widow's allowance terminates or abates upon her death or remarriage and is therefore a terminable interest which does not qualify for the marital deduction under Section 812(e).

The most recent case is Estate of Rensenhouse, 31 T.C. No. 81, involving the estate of a resident of Michigan. When initially considered, the court held (27 T.C. 107) that the widow's allowance was not an interest in property passing from the decedent. When the case was appealed by the taxpayer to the United States Circuit Court of Appeals for the Sixth Circuit, 252 F.2d 566, the Commissioner advised the Court that this ground had been abandoned by the Treasury Department. The Court of Appeals thereupon remanded the case to the Tax Court, for its decision on the issue whether the widow's allowance in question constituted a terminable interest within the meaning of Section 812(e)(1) (B) of the Internal Revenue Code of 1939, as amended, and whether the terminable interest rule was applicable to a widow's allowance under the statute.

Upon consideration pursuant to the mandate of the Court of Appeals, the Tax Court held (31 T.C. No. 81) that under the law of Michigan a widow's allowance granted by the Michigan Probate Court for one year in a lump sum does not terminate or abate upon the death or

remarriage of the widow prior to its payment and therefore did not constitute a terminable interest within the meaning of Section 812(e)(1)(B) of the 1939 Code. In conformity with the order of the Court of Appeals, the majority expressed the opinion that "the terminable interest rule is applicable to a widow's allowance * * *"

Although the Probate Court of Cook County in Estate of William A. Hill, deceased, 53 P. 10232, Docket 537, Page 167, has held that a surviving spouse's award allowed under Illinois law qualifies for the marital deduction under Section 812(e) of the 1939 Code, neither a reviewing court nor a court of the United States has had occasion to pass upon this question so far as the Illinois law is concerned, and we, accordingly, view this as a case of first impression.

The applicable Illinois statutes in effect at the date of the death of Herman Molner on May 28, 1951, pursuant to which the surviving spouse's award in question was allowed and paid, are Sections 178, 180 and 181 of the Illinois Probate Act (Ill.Rev.Stat.1955, Ch. 3, Sections 330, 332 and 333 respectively) as follows:

Section 330. (Section 178). "Surviving Spouse's and Child's Award.) The surviving spouse of a deceased resident of this state whose estate whether testate or intestate is administered in this state shall be allowed as the surviving spouse's own property free from execution, garnishment, or attachment in the hands of the executor or administrator, except as otherwise provided herein:

"First: The family pictures and the wearing apparel, jewels and ornaments of herself and her minor children.

"Second: Such a sum of money as the appraisers deem reasonable for the proper support of the surviving spouse and minor children of the decedent for the period of nine months after the death of the decedent in a manner suited to the condition in life of the surviving spouse and to the condition of the estate. The award shall in no case be less than $1,000.00 together with an additional sum not less than $500.00 for each child of the decedent who was a minor at the date of death. That part of the award which is paid in cash shall be paid to the surviving spouse in three equal installments, one at the end of each three months' period after the issuance of letters. If the surviving spouse dies or abandons a child within nine months after the issuance of letters the amount allowed for that child remaining unpaid to the surviving spouse becomes the property of that child."

Section 332. (Section 180). "Review of Award.) The award by the appraisers is subject to review by the court and if excessive or insufficient the court may refer the award back to the same appraisers or may appoint other appraisers to fix the award. On petition of the surviving spouse, the executor or administrator, an heir, legatee or devisee, or a creditor of the estate, the court may hear evidence and may increase or diminish the award as justice requires."

Section 333. (Section 181). "Surviving Spouse's Selection.) The surviving spouse is entitled to receive the amount of the award in money or, at the election of the surviving spouse, to accept payment thereof in whole or in part in goods and chattels of the decedent not specifically bequeathed, at their appraised value. The selection shall be made in writing by the surviving spouse within thirty days after he is notified in writing of the allowance of the award and shall be filed with the clerk of the probate court. The clerk shall record the selection filed with him. If the surviving spouse is a minor or incompetent, his guardian or con-

servator may make the selection. If the surviving spouse dies before the expiration of the time within which he may make the selection, the administrator or executor of the surviving spouse's estate may make the selection for the benefit of the estate."

■ These provisions, with some statutory changes enacted from time to time, have been a part of the Illinois law for more than a century, and have been construed by the Illinois courts from time to time. These cases have consistently held that the surviving spouse's award (or widow's award as it was known prior to the 1949 amendment to the Illinois Probate Act) is a vested interest.

In York v. York, 1865, 38 Ill. 522, where the wife died ten days after her husband's death and letters of administration were not issued on the husband's estate until after her death, the administrator of the wife's estate was held to be entitled to the value of the articles of property allowed as a widow's award under the statute then in effect. The court said (at page 527):

"Her title is absolute, and being so, must, at her death, vest in her legal representatives. * * * The law vested this property in the widow, and on her death, like any other property to which she was entitled, passed to her legal representatives and they can sue for it, and recover its value * * * We think then, that immediately upon the death of the husband, the right of the widow accrued, and she having died before she received the specific articles, and they not having been set apart to her administrator, their value must be accounted for to him, as assets of her estate."

The same result was reached in McCord v. McKinley, 1879, 92 Ill. 11 in which the court held that, where the wife died after the husband's death, the husband's administrator was not entitled to recover possession of property selected by the widow on account of her award. Although the statute had been amended since the decision in York v. York, the court held that the title to the property vested in the widow as her sole and separate property, subject only to the payment of the husband's funeral expenses.

In Fick v. Armstrong, 1907, 136 Ill. App. 26, the court held that the right of the widow to claim her award existed at the time of her death and could be asserted by her administrator for the benefit of her estate. A similar holding followed in Allen v. Hempstead, 1910, 154 Ill.App. 91, 96.

Defendant contends that these cases are not applicable to the issues involved in this case, since they were all decided prior to the 1909 amendment to Section 75 of the Administration Act. This amendment, which is substantially the same as Section 180 of the Probate Act (Ch. 3, § 332), provided that the award was subject to review by the court and upon petition of the surviving spouse, an heir, creditor, or other interested person, the court may hear evidence and may increase or diminish the award as justice requires.

Defendant argues that the effect of this language is to make the award a terminable and not a vested interest, insisting that, had the surviving spouse died or remarried subsequent to the allowance of the award and before its payment, it would not have been unlikely that an heir, creditor or the executor would have petitioned the court to review the amount of the award, and had this occurred, it is conceivable that the court would have diminished the award.

This contention not only assumes facts that did not occur, but is entirely unsupported by authority. In fact, the Illinois cases indicate the contrary.

Prior to adoption of the 1909 amendment, the authority of the Probate Court to review the allowance made by the appraisers was held in Miller v. Miller, 1876, 82 Ill. 463, to be inherent in its power over supervision of estates. The court said (at page 470):

"While the statute does not in express words require that this estimate of value by the appraisers should be approved by the court, in order to give it binding force as such, it has long been the practice to do so, and it seems very appropriate that it should be so.

"The county court, from its general powers supervising the administration of estates, has the power, for cause shown, to set aside an appraisement bill, or a report of appraisers making out and certifying to that court an estimate of the value of the items of property mentioned in the statute as 'the widow's award', and to order the appraisers to consider the subject again, and make another appraisement bill, or another estimate of the value of the items allowed by the statute to the widow as the widow's award, and for cause shown, the court might remove the appraisers and appoint other appraisers and charge them with these duties. But, while the county court has this supervising authority, it has no power to revise and modify the appraisement bill or the appraisers' estimate of the value of the property allowed as the widow's award. The county court has no power to substitute the judgment of the court for the judgment of the appraisers, for the statute has made the estimate of the appraisers effective and not an estimate made by the county court."

The 1909 amendment to Section 75 merely gave to the court itself the right to review the award and to increase or diminish it as justice may require, in addition to the right which it always had to refer it back to the same appraisers or to appoint new appraisers to fix the award.

The effect of this amendment was considered in Hodson v. Hodson, 1917, 277 Ill. 137, 115 N.E. 159, where an argument somewhat similar to defendant's contention here was overruled. In the Hodson case, the widow was allowed an award of $5,000, which was approved by the court and paid to her. Fifteen months later, after the widow had renounced the will, a legatee filed a petition in the Probate Court to reduce the award. On appeal from an order reducing the award, the Appellate Court reversed and remanded the case with directions to dismiss the legatee's petition for reduction. The Supreme Court affirmed the judgment of the Appellate Court, stating (277 Ill. at page 141, 115 N.E. at page 160):

"Our conclusion is that the statute was intended to secure the right of review to the widow, or the executor or administrator, heir, legatee, or devisee, or creditor of the estate, whenever injury to the rights and interests of either occurs on account of an insufficient or excessive award.

"The right * * * to a review of the award by the court under the statute *arose at the time the award was approved* * * * he was in court and did not avail himself of the rights secured to him * * * and, not having asked the aid of the court within a reasonable time, the judgment of the Appellate Court ordering his petition dismissed was right." (Emphasis supplied.)

The Supreme Court of Illinois has also held that the award is subject to Illinois Inheritance Tax in the same manner as any bequest or other amount acquired outright by the surviving spouse. In People v. Forsyth, 1916, 273 Ill. 141, 112 N.E. 378, the court held that both the widow's dower and her award are subject to inheritance tax under the authority of Billings v. People, 1901, 189 Ill. 472, 59 N.E. 798, 59 L.R.A. 807.

The most recent case in which a reviewing court in Illinois passed upon this question is In re Dillman's Estate, 1956, 8 Ill.App.2d 239, 131 N.E.2d 634. In holding that the administrator of the estate of the husband, who survived his wife by a few hours, was entitled to a surviving spouse's award of $1,000 (the minimum provided by the statute) from

the wife's estate, the court said (8 Ill. App.2d at page 241, 131 N.E.2d at page 636):

> "The rule is correctly stated in James' Illinois Probate Law and Practice, Sec. 178.5(e) as follows:
>
> " 'The death of a surviving spouse before obtaining the award does not defeat the right to the award and the right may be asserted by her representative. This was true under the former law and it is true under the Probate Act.' "

In the face of this decision, defendant now concedes that the surviving spouse is vested with the $1,000, but insists that the amount of the award in excess thereof is not a vested interest.

There is nothing in the Dillman opinion or any other case that warrants the making of a distinction between the $1,000 allowed in that case and the amount allowed in the case at bar. The quotation from James, considered the current outstanding authority on Illinois probate law, is expressly contrary to defendant's contention.

As previously indicated, the Probate Court of Cook County in Estate of William A. Hill, deceased, has held that the entire award (in that case $12,000) qualified for the marital deduction under Section 812(e) of the 1939 Code.

■ The language of the applicable sections of the Probate Act (Sections 178, 180 and 181, Ill.Rev.Stat.1955, Ch. 3, §§ 330, 332 and 333) leaves little doubt that the legislature intended that the entire award would be vested in the surviving spouse as of the date of the decedent's death.

> Section 178. (§ 330), provides: "The surviving spouse * * * shall be allowed *as the surviving spouse's own property* * * *
>
> "Such a sum of money as the appraisers deem reasonable for the proper support of the surviving spouse and minor children of the decedent for the period of nine months after the death of the decedent * * *

> "If the surviving spouse dies or abandons a child within nine months after the issuance of letters the amount allowed *for that child* remaining unpaid to the surviving spouse becomes the property of that child." (Emphasis supplied.)

It is noteworthy that the only language of the statute which indicates any reason for terminating the award in the event of the death of the surviving spouse or any other contingency is the last sentence quoted, which expressly limits such termination to the amount allowed for the minor child. No corresponding language appears in the statute with respect to the amount allowed "for the proper support of the surviving spouse."

■ Under the maxim *expressio unius est exclusio alterius*, which is applicable to the construction of this statute, (Arthur v. Cumming, 91 U.S. 362, 364, 23 L.Ed. 328; Midland Cooperative Wholesale v. Ickes, 8 Cir., 125 F.2d 618, 626; Jones v. H. D. & J. K. Crosswell, 4 Cir., 60 F.2d 827, 828; People ex rel. Nelson v. Wiersema State Bank, 361 Ill. 75, 85, 197 N.E. 537, 101 A.L.R. 501; Town of Aroma Park v. Town of Papineau, 313 Ill.App. 135, 138, 39 N.E.2d 396) the inclusion of a provision for termination of that part of the award which is allowed for a child and the omission of any language providing for termination of the award for the support of the surviving spouse, clearly indicates a legislative intent that the latter is not terminable upon the death of the surviving spouse or any other contingency but is a vested interest.

Furthermore, Section 181 of the Probate Act (Ill.Rev.Stat.1955, Ch. 3, § 333) provides,

> "If the surviving spouse dies before the expiration of the time within which he may make the selection, the administrator or executor of the surviving spouse's estate may make the selection for the benefit of the estate."

If the right to the award terminated on the death of the surviving spouse, his executor or administrator could not make the selection for the benefit of his estate and this language would be meaningless. Its inclusion in the statute clearly indicates that the award is a vested and not a terminable interest and negatives any construction of the preceding section (Section 180, Ch. 3, § 332) that would give the Probate Court the right to diminish the award by reason of the death of the surviving spouse, as defendant urges in support of its contention that the award is a terminable interest.

Under no theory can any part of the surviving spouse's award allowed under the sections of the Illinois Probate Act referred to be said to constitute an interest in property which passes "from the decedent to any person other than such surviving spouse (or the estate of such spouse)," nor an interest which a person other than the surviving spouse "may possess or enjoy * * * after such termination or failure of the interest so passing to the surviving spouse," within the meaning of section 812(e)(1)(B) of the 1939 Code.

Defendant's contention is not unlike the Commissioner's argument in the case of Estate of Proctor D. Rensenhouse, 31 T.C. No. 81, in which the same question was presented under the Michigan law, the pertinent statute of which provided:

Section 27.3178 (138). Provision for allowances; period for which made.) "Sec. 68. (1) The widow and minor children constituting the family of a deceased man shall have such reasonable allowances out of the real and personal estate of such deceased as the probate court shall judge necessary for their maintenance during the progress of the settlement of the estate according to their circumstances but never for a longer period than until their shares in the estate shall be assigned to them nor for more than 1 year after the death of the decedent in an insolvent estate. On showing of necessity, such allowances may be continued from time to time in any solvent estate beyond such year, but such allowances beyond such year shall be charged as advancements from the estate against the interest of the widow or against the interests of the minor children, as the case may be." Comp.Laws 1948, § 702.68.

As stated by the Tax Court, the Commissioner argued to the effect:

"(1) That since a petition by the widow is a prerequisite to the granting of a widow's allowance, since the widow may fail or refuse to make such a petition and since an order of the State Court is necessary to fix the allowance in final form, there may be a 'failure of an event or contingency to occur' upon which the 'interest passing to the surviving spouse (the widow's allowance) will * * * fail,' and (2) since the death of the widow after the entry of an order granting a widow's allowance would abate such allowance for the period after her death, and the remarriage of the widow would terminate her right to such allowance for the period following remarriage, there may be 'the occurrence of an event or contingency' upon which the 'interest passing to the surviving spouse (the widow's allowance) will terminate * * *.'"

The Court stated:

"In determining whether the widow's allowance * * * constituted a 'terminable interest' within the meaning of section 812(e)(1)(B), we must look at the facts and the rights of the parties as they existed at the time of decedent's death." * * * (Citing cases).

"As of the decedent's death his widow was entitled to a widow's allowance for 1 year and her right to this allowance was not lost by reason of her subsequent death or re-

marriage. Bacon v. Perkins, 100 Mich. 183, 58 N.W. 835, Isabell v. Black, 259 Mich. 100, 242 N.W. 853. Of course, the widow (or her representative) had to ask for the enforcement of this right or interest by petition to the appropriate Probate Court, and the Probate Court by its order would render the right enforceable. However, we are unable to agree with the respondent that the necessity of invoking the proper legal procedures for the enforcement of a right is a contingency to the existence of the right (i.e. a 'failure of an event or contingency to occur' upon which the 'interest passing to the surviving spouse will * * * fail * * *') within the meaning of the statute. The invocation of the proper legal procedure is required with regard to widow's allowances in most jurisdictions, and if this were a relevant factor in considering the applicability of section 812(e) (1) (B) it would almost universally preclude the allowance as a marital deduction of 'amounts expended in accordance with the local law for support of the surviving spouse of the decedent.' It was not considered a relevant factor by the respondent in Revenue Ruling 83, 1953—1 CB 395, quoted above. The clear inference from the Congressional Reports referred to in our original opinion (see 1950—2 CB 478, 576) is that Congress assumed that in many cases at least a widow's allowance would be allowable as a marital deduction. This Congressional assumption * * * negatives any Congressional intent that the necessity for the widow to file a petition asking for the allowance *or the discretion and power of the local Probate Judge with regard to fixing and modifying the amount of such allowance* should be relevant factors to be considered under Section 812(e) (1) (B)." ( Emphasis supplied)

*    *    *    *    *    *

"The general rule on this question is stated by Schouler on Wills, Executors and Administrators (6th Ed.), Section 2655, as follows:

'Usually where, at the death of a widow, portions of an amount allowed to her as a widow's allowance remain unpaid, such amounts may be recovered by her representative (citing In re Rice's Estate, 146 Iowa 48, 124 N.W. 792), and effect of her death, after a decree unappealed from has established her right, absolutely and conclusively, to an allowance, appears to cause this right of property to pass to her personal representatives (citing Drew v. Gordon, 13 Allen (Mass.) 120).'

*    *    *    *    *    *

" * * * we are satisfied that there is no such general rule contra to the contention of petitioner as to the law of Michigan on this subject as to justify us in holding that the burden of proving the law of Michigan as an exception to the general rule is on petitioner * * *."

After distinguishing the Michigan law from that of California, under which it had held in Estate of Cunha, 30 T.C. 812, that the award was a terminable interest, the court pointed out that under the Michigan law the award was a lump sum allowance covering the period of a year, even though it was payable in monthly installments, and was therefore not an allowance of monthly payments. The court held that under the law of Michigan a widow's allowance granted by the Michigan Probate Court for 1 year in a lump sum does not terminate or abate upon the death or remarriage of the widow prior to its payment and did not constitute a terminable interest within the meaning of section 812(e) (1) (B) of the 1939 Code.

The decision in Rensenhouse clearly supports plaintiffs' case. The statutes of both Michigan and Illinois are fundamentally the same. Both states provide

for an allowance for the support of the surviving spouse for a designated period: in Michigan it is one year; in Illinois it is nine months. In Michigan it is payable in monthly installments; in Illinois it is payable in three installments, one at the end of each three months' period after issuance of letters. In Michigan, it is limited to the surviving widow; in Illinois it applies to either surviving spouse. The fact that under the Illinois statute the award is allowed by appraisers, subject to review by the court, instead of being allowed by the court in the first instance upon the filing of a petition, as is provided by Michigan law, is a mere difference in the legal procedure required in the jurisdictions concerned and is not a relevant fact in considering the applicability of section 812 (e) (1) (B) of the Code.

It is the opinion of this Court that an award allowed to the surviving spouse for the proper support of the surviving spouse for the period of nine months after the death of the decedent in accordance with the provisions of Section 178 of the Illinois Probate Act (Ill. Rev.Stat. Ch. 3 Section 330), does not terminate or abate upon the death or remarriage of the surviving spouse prior to its payment; and that the surviving spouse's award of $25,000 allowed and paid to Lillian L. Molner in the matter of the estate of Herman Molner, deceased, here in question did not constitute a terminable interest within the meaning of section 812(e) (1) (B) of the Internal Revenue Code of 1939, as amended.

In view of this conclusion, it is unnecessary to pass upon the other points urged by plaintiffs.

Plaintiffs are entitled to recover from the United States the sum of $4,648.55, with statutory interest from July 23, 1954, and costs of this suit, representing federal estate taxes erroneously assessed and collected from the plaintiffs.

Judgment will be entered accordingly.