(No. 10948.—Judgment affirmed.)
ZACHARIAH HODSON, Plaintiff in Error, *vs.* JOSEPHINE
HODSON, Defendant in Error.

*Opinion filed February 21, 1917.*

1. JURISDICTION—*limits of rule that court loses jurisdiction at close of the term at which final judgment is entered.* The rule by which a court loses jurisdiction of a cause after the close of the term at which final judgment is entered applies to causes of action which terminate in the judgment, but the jurisdiction of the county court over an estate is a continuing one, which lasts until the estate is closed.

2. ADMINISTRATION—*right to review widow's award not limited to term award is approved.* Section 75 of the Administration act, as amended in 1909, was intended to secure the right of reviewing the widow's award to the widow, the executor or administrator, heirs, legatees, devisees or creditors of the estate if the award is considered insufficient or excessive, and such right of review is not limited to the term at which the award was approved nor to cases of fraud, collusion, accident or mistake.

3. SAME—*party seeking to review widow's award should act with reasonable promptness.* One who desires to review a widow's award must act with reasonable promptness, and a delay of fifteen months is unreasonable where the complaining party is a legatee and devisee whose status as such has been established by the probate of the will, and whose injury, if any, from the allowance of the award, of which he was bound to take notice as a party to the probate proceeding, was as great at the time the award was allowed as at any time thereafter.

WRIT OF ERROR to the Appellate Court for the Third District;—heard in that court on appeal from the Circuit Court of Shelby county; the Hon. WILLIAM B. WRIGHT, Judge, presiding.

W. C. & W. L. KELLEY, and W. C. & T. M. HEADEN, for plaintiff in error.

TRUMAN E. AMES, and BROWN & BURNSIDE, for defendant in error.

Mr. JUSTICE CARTWRIGHT delivered the opinion of the court:

The county court of Shelby county, on the petition of the plaintiff in error, Zachariah Hodson, reduced the award made to the defendant in error, Josephine Hodson, as widow of James C. Hodson, from $5000 to $2000. The defendant in error appealed to the circuit court, where evidence was heard and a like judgment was entered, and she again appealed to the Appellate Court for the Third District. The Appellate Court reversed the judgment of the circuit court and remanded the cause, with directions to dismiss the petition at the cost of the petitioner. A writ of *certiorari* was granted by this court to bring the judgment of the Appellate Court in review.

James C. Hodson died on January 12, 1914, leaving no children or descendants but leaving the defendant in error, Josephine Hodson, his widow, and two half-brothers, John Hodson and the plaintiff in error, Zachariah Hodson. He left a will, by which he gave to his wife all his property, real and personal, for her natural life, with the exception of a bequest of $2000 to Fred Poland, her nephew. There was a bequest of $1000 to John Hodson at the death of the widow, and a farm was devised to Fred Poland, and the remainder of the property of the testator, real and personal, was given to the plaintiff in error, Zachariah Hodson, if living, or if deceased, then to his children. The will was admitted to probate on March 4, 1913, and letters testamentary were issued to the defendant in error as executrix. A warrant to appraisers was issued on March 7, 1914, and the report of the appraisers was filed on April 14, 1914. By the report the amount of the widow's award was fixed at $5000, and the report was approved by an order entered on April 16, 1914. The defendant in error transferred to her personal account the sum of $5000 in satisfaction of her award, and on December 21, 1914, she renounced the

provisions made for her in the will and elected to take the share of the estate allowed by law. At the July term, 1915, of the county court the plaintiff in error, Zachariah Hodson, filed his petition praying the court to review the award and reduce the sum as excessive. The personal estate amounted to $25,000 and there were 440 acres of land, worth about $100 per acre.

Section 74 of the Administration act provides that a widow shall be allowed, as her sole and exclusive property, the family pictures and the wearing apparel, jewels and ornaments of herself and her minor children, and such an amount of money as the appraisers may deem reasonable for the proper support of herself and the minor children of her deceased husband for the period of one year after his death, in the manner suited to her condition in life, taking into account the condition of the estate of the testator or intestate, and the award is payable in quarterly payments at the end of each quarter of the year for which the allowance is made. Section 75 of the act, as amended in 1909, is as follows: "The allowance made as aforesaid by the appraisers shall be subject to review by the court and if unreasonable or unjust the court may refer the same back to the same appraisers or may appoint other appraisers to fix such widow's award; or, on petition of the widow, the executor or administrator, heir, legatee, or devisee, or creditor of the estate, may hear evidence, and upon such hearing may increase or diminish such award as justice may require. The costs of such hearing shall be taxed by order of the court in such manner as to equity shall appertain."

The view of the Appellate Court, expressed in the opinion which was made the basis of the judgment of that court, was that there could be no review of the award after the close of the term at which it was approved, and that after the time for taking an appeal to the circuit court a judgment of that character becomes final, and can only be afterward reviewed for fraud, collusion, accident or mis-

take.  The statute provides that on petition of the widow, executor or administrator, heir, legatee or devisee, or creditor of the estate, the court may hear evidence, and upon such hearing may increase or diminish the award as justice may require.  In the administration of an estate one of the first things necessary to be done is to sue out a warrant to appraisers in order that the personal property may be appraised and the amount of the award to the widow be fixed, and it does not appear to have been the intention of the General Assembly that an award which may be filed and approved on the last day of the term of court cannot be reviewed afterward upon the petition of one who is injured by it.  The rule by which a court loses jurisdiction of a cause after the close of the term at which final judgment is entered applies to causes of action which terminate in the judgment, but ·the jurisdiction over an estate is a continuing jurisdiction, which remains until the estate is closed.  When an award is made to a widow there is not ordinarily a creditor of the estate, for no one is a creditor in the sense in which the term is employed in the statute until he has established his status as such by proving his claim.  No one could be heard as a creditor who has not proved and established his claim upon the assertion that the deceased was indebted to him.  It was, of course, intended to give a real remedy to creditors for what might be a substantial wrong by the appropriation of an unreasonable portion of the personal estate to the payment of the widow's award to their detriment and injury, and if a creditor can not be heard to complain of an excessive award after the term at which it is approved the statutory provision would be merely illusive and not available to a creditor.  Neither is the right to a review limited by the statute to cases of fraud, collusion, accident or mistake, for the reason that the court would have that power in the absence of any statute and ought to exercise it at the instance of a creditor who has suffered an injury.  The limitation to cases of

fraud, collusion, accident or mistake is practically excluded by the provision that the court may hear evidence and increase or diminish the award as justice may require, and such increase or diminution could only be on the ground that the award is insufficient or excessive. Our conclusion is that the statute was intended to secure the right of review to the widow, or the executor or administrator, heir, legatee or devisee, or creditor of the estate, whenever injury to the rights and interests of either occurs on account of an insufficient or excessive award.

The right of the plaintiff in error to a review of the award by the court under the statute arose at the time the award was approved. He then sustained the relation of a legatee and devisee, and he had been brought into court for the probate of the will. The will having been probated and his status as a legatee and devisee established he was bound to take notice of the award, and the injury to him was as great at that time as when he filed his petition, fifteen months afterward. Although there is no limitation except that the court still has jurisdiction of the estate, the petition is an appeal to the equitable powers entrusted to the court to adjust the relative rights and interests of the parties in the property of the estate, and one asking relief must act with reasonable promptness. In this case the plaintiff in error not only made no objection to the award for fifteen months, but he testified that he never intended to try to set it aside until he learned that the widow had renounced the provision made for her in the will. His right to a review arose at the time the award was approved, and he was in court and did not avail himself of the rights secured to him. He was satisfied with the award until the renunciation, and not having asked the aid of the court within a reasonable time the judgment of the Appellate Court ordering his petition dismissed was right.

The judgment of the Appellate Court is affirmed.

*Judgment affirmed.*