In the Matter of the Estate of Wilbert E. Gersch, Deceased.
Wilbert E. Gersch, Jr. and Richard Gersch, Petitioners-Appellants, v. Harry D. Cohen, as Administrator of the Estate of Wilbert E. Gersch, Deceased, Respondent-Appellee.

**Gen. No. 49,057.**

First District, Third Division.
October 2, 1963.

Henry T. Synek, of Chicago, for appellants.

Earle A. Malkin and Nat M. Kahn, of Chicago, for appellee.

MR. PRESIDING JUSTICE SCHWARTZ delivered the opinion of the court.

This is an appeal by Wilbert E. Gersch, Jr. and Richard Gersch, two of the three heirs-at-law of Wil-

bert E. Gersch, deceased, from an order entered by the Probate Court of Cook County, denying their petition filed October 1, 1962 to reduce or set aside the widow's award allowed to Florence L. Gersch on April 4, 1961. The petition prayed that the order allowing the widow's award be vacated and held for naught or in the alternative be reduced to $2500.

Wilbert E. Gersch died intestate on January 3, 1961, leaving an estate of approximately $170,000. On March 23, 1961, the administrator of his estate filed a petition for the allowance of a widow's award in the sum of $10,000. In this petition he advised the court that the widow had been for some time prior to the death of the decedent and was then a patient in the Ochsner Foundation Hospital at New Orleans, La., suffering from cancer; that her condition was critical; that the cancer had spread to the pelvic bone; that she had had surgical treatment since the death of her husband, but that the cancer could not be arrested; that from January 3, 1961 to January 24, 1961 there had been expended on behalf of the widow Florence L. Gersch the sum of $1462.20; that since that date an additional $5000 had been expended for medical, nursing and hospital expenses; that to the best of his knowledge and belief the widow would spend or incur liabilities in excess of $1000 a month for such hospital, medical and nursing care, which was not reimbursable through any insurance plan; and that a widow's award of $10,000 was reasonable. Attached to the petition was a letter from John J. Blasi, an attorney, saying that William O. Tuero, son-in-law of the widow, had expended sums for such expenses for the widow. Appraisers were appointed, and they appear to have concluded that $10,000 should be allowed as a widow's award, but that figure was stricken and an award of $7500 recommended, which the court approved on April 4, 1961. It was not known to either the court

or the parties in interest that the widow had died on April 3, 1961, one day before the granting of the award. From the time of Wilbert Gersch's death until April 3, 1961, his widow had incurred hospital, nursing and medical expenses (not including physicians' services) in the sum of $5130.75.

After learning of the widow's death, petitioners' attorney by letter of April 5, 1961 informed the attorney for the administrator that he questioned the validity of the order of April 4, 1961, and that he would have to advise him of the "possibility" that his clients would instruct him to object to any item in the final account claiming credit for the payment of the award as it had then been ordered. No action was taken until the petition to review the award was filed on October 1, 1962, some eighteen months later.

In their Points and Authorities petitioners contend (a) that the court had the power to review and diminish the award; (b) that the award should be allowed for proper support for the period of nine months after the death of the decedent; (c) that the award should be allowed in a manner suited to the condition of life of the surviving spouse and to the condition of the estate, and should be reasonable; and (d) that the award should be paid only in three equal installments, one at the end of each three month period "unless the court directs otherwise." In their brief petitioners digress at times from these points to discuss other matters, but they are bound under the rules of this court to adhere to the Points and Authorities, Rule 7, para IV, Illinois Appellate Court Rules.

Section 180 of the Probate Act (Ill Rev Stats c 3, § 180 (1961)) on which petitioners rely for a review of the award, reads as follows:

"§ 180. Review of Award. The award by the appraisers is subject to review by the court and if excessive or insufficient the court may refer

the award back to the same appraisers or may appoint other appraisers to fix the award. On petition of the surviving spouse, the executor or administrator, an heir, legatee or devisee, or a creditor of the estate, the court may hear evidence and may increase or diminish the award by the appraisers or by the court as justice requires."

The right to the award became vested in the widow upon the death of her husband, and her death before she personally collected it did not deprive the administrator of her estate of his right to the entire amount of the award as determined by the court. In re Estate of Dillman, 8 Ill App2d 239, 131 NE2d 634; Molner v. United States, 175 F Supp 271, 276–79 (Ill, 1959); 4 James, Illinois Probate Law & Practice (1951), § 178.5(4), at 300; York's Adm'rs of v. York's Adm'rs of, 38 Ill 522 (1865); McCord v. McKinley, 92 Ill 11 (1879); Fick v. Armstrong, 136 Ill App 26 (1907); Allen v. Hempstead, 154 Ill App 91, 96 (1910).

Respondent contends that the allowance was reasonable and that petitioners are barred from attacking the award because they are guilty of laches, having waited eighteen months after the entry of the order before filing their petition under Section 180, supra. If respondent's argument is sound as to laches, it disposes of the controversy. We will therefore proceed to consider that question.

██ Payment of an award pursuant to Section 178 of the Probate Act (Ill Rev Stats, c 3, § 178 (1961)) is intended to cover the urgent and immediate needs of a widow or widower for the period immediately following the death of his or her spouse. It is important that there be prompt action to that end. It is equally important that any contest thereon should be instituted with reasonable promptness after discovery of

228

the alleged excessiveness of the award. This view was expressed in Hodson v. Hodson, 277 Ill 137, 115 NE 159, where the court said, at 141:

> "Although there is no limitation except that the court still has jurisdiction of the estate, the petition is an appeal to the equitable powers entrusted to the court to adjust the relative rights and interests of the parties in the property of the estate, and one asking relief must act with reasonable promptness."

If it were otherwise, a cautious administrator or executor would be forced to hold up payment of an award until the filing of the final account. This would defeat the very purpose of the statute.

■ The right of petitioners under Section 180 of the Probate Act, supra, to review the award arose at the time they were apprised of the widow's death. The only action taken at that time was the letter from their attorney to the attorney for the estate, stating there was a *possibility* that his clients would instruct him to object to any item in the final account claiming credit for payment of the award. This vague assertion, with its minatory implications, is no substitute for the requirement of prompt action. Nor does the fact that a relative has advanced funds to provide medical care for a widow in extreme circumstances alter the requirement.

■ Respondent has moved to dismiss the appeal because he contends that the order in question did not dispose of the entire case, there being other issues and other parties involved, and under such circumstances a prerequisite to appeal is a finding by the trial court that the order is final "and there is no just reason for delaying enforcement or appeal." (Ill Rev Stats, c 110, § 50(2) (1961).) As we have concluded

to decide the case on the merits thereof, the motion to dismiss the appeal is moot and will be denied. The order of the Probate Court is affirmed.

Order affirmed.

McCORMICK and DEMPSEY, JJ, concur.