In the Matter of the Estate of Thomas A. Scully, Deceased.

Sylvia I. Scully, et al., Plaintiffs-Appellants, v. Violet Mary Scully, Michael John Scully, and Peter Dennys Scully, Individually and as Executors and Trustees, etc., Defendants-Appellees.

Gen. No. 10,815.

Fourth District.

February 9, 1967.

James A. Dooley, of Chicago, and Harris and Harris, of Lincoln, for appellants.

Sidley, Austin, Burgess & Smith, of Chicago (Loren E. Juhl, of counsel), for appellees.

HOFFMAN, J.

This appeal is from an order of the Circuit Court approving the first current account of the executors in the estate of Thomas A. Scully, deceased. Although the entire order is appealed from, the appellants pray only that it be reversed insofar as it overruled appellant's objection to the widow's award and attorney's fees.

Thomas A. Scully died July 12, 1961, and the executors of his will were appointed August 8, 1961. The objectors, appellants here, are children and heirs of the deceased, are adults under no disability, and were properly before the court at the time of the commencement of probate. The appraisement bill, fixing the widow's award in the sum of $50,000, was filed and approved by the court on October 19, 1961. The executors' first current account was filed on April 27, 1966, covering the period from the date of their appointment to and including December 31, 1965. On May 9, 1966, the appellants filed objections to the aforesaid widow's award and to the item of attorney's fees appearing in said current re-

port. From an order overruling said objections and approving said items appellants appeal.

The only objection to the widow's award is that it is excessive. We need not take up the merits of this objection. It was filed far too late.

In Hodson v. Hodson, 277 Ill 137, 115 NE 159, and In re Estate of Gersch, 43 Ill App2d 224, 193 NE2d 208, it was held that the right to review a widow's award arises at the time the award is approved. The reason for this holding is that the purpose of a widow's award is to provide for her urgent and immediate needs in the period immediately following her spouse's death, and because a cautious administrator would defer any payment until the amount was finalized, the whole purpose could be defeated by permitting delay in finally fixing the amount.

■ In our case, the objectors were in court from the time they were notified of the hearing to probate the will and they were therefore bound to take notice of the award approved on October 19, 1961. Hodson v. Hodson, supra. Their failure to take any action toward objecting to the award prior to May 9, 1966, is far too long a delay on their part.

The objection to the attorney's fees which were allowed is that they are not supported by any evidence in the record.

The record shows that Thomas A. Scully left a will disposing of an estate valued at about $7,500,000. The appellants have filed an action to set aside this will and to set aside certain trusts created by the decedent during his lifetime. The executors, who also are the trustees of the trusts under attack, have hired an attorney to defend these actions. For his work up to and including December 31, 1965, this attorney submitted a bill in the sum of $72,507.42 for legal services and cash advances. Of this sum, $3,260.88 was charged to the estate. The approval of this latter amount is objected to by appellants. The record shows that said attorney has made court appear-

ances, attended the taking of depositions, filed motions attacking the pleadings, filed memoranda of law, and filed and responded to interrogatories. The record further shows that the appellants' attorney, at the hearing, admitted that "almost all the work which has been done involves the estate" and that "they should have paid more [of said attorney's fees] out of the estate."

The statute (Ill Rev Stats, c 3, § 93) provides that it is the duty of an executor to defend a suit to contest a will. The employment of counsel is indispensable to the proper discharge of that duty, and the reasonable fees of such counsel are a proper charge against the assets of the estate. Shaw v. Camp, 56 Ill App 23; Ill Rev Stats, c 3, § 337. The authorities hold that the amount of an attorney's fee for representing an executor is peculiarly within the province of the sitting judge, that each case must rest upon its own facts or circumstances, that no general rules can be laid down as to what particular amount may be held to be reasonable, and that the fee fixed will not be interfered with on review unless the record discloses that there has been a manifest abuse of discretion or unless it is palpably erroneous. In re Estate of Jaysas, 33 Ill App2d 287, 179 NE2d 411; In re Estate of James, 10 Ill App2d 232, 134 NE2d 638; In re Estate of Duke, 43 Ill App2d 68, 192 NE2d 711.

Clearly, in this case, the allowance of the sum of $3,260.88 to the attorney who is defending this will, for work extending over approximately four years and of the nature detailed by the record, is proper. Especially is this true when the record discloses no reason for believing that the fee is unreasonable or erroneous, and when the objecting attorney himself states that more should have been paid by the estate.

The order appealed from is affirmed.

CRAVEN, P. J. and SMITH, J., concur.