*In re* ESTATE OF ROBERT W. KENDLER, Deceased (Robert W. Kendler, Jr., *et al.*, Petitioners-Appellants, v. Evelyn Lang Kendler *et al.*, Ex'rs of the Estate of Robert W. Kendler, Respondents-Appellees).

Second District   No. 2—87—0356

Opinion filed February 17, 1988.

Julian R. Wilheim, of Lake Forest, for appellants.

Foss, Schuman, Drake & Barnard, of Chicago (Joseph Schuman, of counsel), for appellees.

JUSTICE HOPF delivered the opinion of the court:

Petitioners, Robert Kendler, Jr., and Joanne Kendler McLogan, are heirs of Robert W. Kendler, deceased. They appeal from an order of the circuit court of Lake County which dismissed their petition for vacation of a surviving spouse award and for denial of the application for a spouse's award made by respondents, the co-executors of Kendler's estate. The heirs assert that the dismissal of their petition was error because the challenged award was improperly granted by the trial court without consideration of nonprobate assets received by the surviving spouse. We affirm the lower court.

Robert Kendler's will was filed and letters of office were issued to Evelyn Lang Kendler, Kendler's surviving spouse and co-executor of his estate, on December 14, 1982. That same day, pursuant to an application by the co-executors, a surviving spouse's award was granted to Mrs. Kendler. On July 12, 1983, petitioners, who are children of decedent by his prior wife, filed their appearances in the trial court. A year later, on July 20, 1984, a verified petition to vacate the spouse's award and deny the application for the award was filed by the heirs. In essence the petition alleged that, in light of the trial court's failure to consider substantial nonprobate assets which Evelyn Kendler had received upon her husband's death, the award was improper and should be vacated. Respondents filed both a verified answer and a motion to dismiss the petition on July 30. In a memorandum reply to the motion to dismiss the heirs stated that notice of admission of the will to probate had been sent to them on December 15, 1982. They also indicated that, by letter of August 10, 1983, the co-executors' attorney had furnished their attorney with a stamped copy of the December 14, 1982, spousal award and had informed them that, at the time of his death, the decedent and his surviving spouse owned in joint tenancy all of the stock in five named corporations.

A motion to strike respondents' motion to dismiss was filed by petitioners on August 7, 1984. An order entered that same day indicates that the motion to strike was to be considered as matter in opposition

to the motion to dismiss. On December 11 the trial court entered an order dismissing the petition with the provision that it was not a final order for execution or appeal. The December 11 order was made final by another judge's order entered on March 17, 1987, and this appeal followed.

Petitioners aver, as a threshold issue, that the trial court erred in not granting their motion to strike respondents' motion to dismiss. They argue that respondents' motion was not filed within the time for pleading; that respondents' verified answer was already pending before the court; that the issues had, therefore, been framed; and that respondents were thus precluded from presenting a motion to dismiss. Petitioners' position cannot be supported.

■ The first point the heirs raise, regarding the time for pleading, is not accurate. The record reveals that the petition was filed on July 20 and the motion to dismiss was filed 10 days later. While petitioners do not specify what they mean by "time for pleading," respondents' motion was filed well within either the 30 days allowed by Supreme Court Rule 181 (107 Ill. 2d R. 181) for attacking or pleading to a complaint or the 21 days allowed by Supreme Court Rule 182(c) (107 Ill. 2d R. 182(c)) for motions attacking pleadings other than a complaint. 107 Ill. 2d R. 181.

■ Petitioners' other issues spring from the apparent assumption that the answer was filed before the motion. However, we need not decide these questions because, in our opinion, petitioners have waived them. It is a matter of record that respondents filed an answer on the same day they filed their motion and that the heirs filed a motion to strike respondents' motion on August 7. However, an order entered on August 7 indicates that the court, as well as the parties, considered the entire matter only in the context of the motion to dismiss. The order represents that the matter was before the court on, among other things, "the petition to vacate spousal award and motion to dismiss said petition." It is then ordered "that Petitioner's motion to strike the motion to dismiss is taken as material in opposition to the motion to dismiss." Finally, according to the order, "the petition and motions will be heard by the court" at a time certain. The order reflects no objections from petitioners to either the treatment of their motion to strike or to the understanding conveyed by the order that the first item of business involved the disposition of the motion to dismiss. There is no indication that the heirs insisted on resolution of their motion to strike prior to consideration of the merits of the motion to dismiss. Nor does the record reflect at any later time a request by the heirs for a ruling by the trial court on their mo-

tion to strike. It appears to us that petitioners agreed to proceed to resolution of the merits of the motion to dismiss and thereby waived their right to assert that the respondents were precluded from presenting such a motion.

■ Respondents raise a preliminary issue also, regarding the timeliness of the heirs' attack on the award to the surviving spouse. It is undisputed that 17 months elapsed between the time the spousal award was granted and the time the heirs filed their petition for vacation. The co-executors insist that a challenge to a spousal award must be initiated with reasonable promptness and that the 17-month delay in this case was not reasonable. We agree with respondents.

Section 15—1 of the Probate Act of 1975 (Ill. Rev. Stat. 1983, ch. 110½, par. 15—1) provides for a monetary award to the surviving spouse of a deceased resident of the State. Such an award is subject to review by the court upon a petition of, among others, an heir or legatee. (Ill. Rev. Stat. 1983, ch. 110½, par. 15—3.) While the statute does not specify a time for contesting a spousal award, the courts long ago set a standard of reasonableness for the timing of such a challenge.

Petitioner in *Hodson v. Hodson* (1917), 277 Ill. 137, 115 N.E. 159, an heir of decedent, made no objection to the award to the surviving spouse until 15 months after it was granted. He subsequently testified that he had not intended to try to overturn the award until he learned that the widow had renounced the will. The dismissal of his petition was upheld. The court reasoned that, although there is no statutory time limit for contesting surviving spouse awards, "the petition is an appeal to the equitable powers entrusted to the court to adjust the relative rights and interests of the parties in the property of the estate, and one asking relief must act with reasonable promptness." (*Hodson*, 277 Ill. at 141.) The court explained that the petitioner's right to a review of the award arose at the time the award was approved by the court. At that time the petitioner's status was that of a legatee who was before the court for the probate of the will. As such, "he was bound to take notice of the award, and the injury to him was as great at that time as when he filed his petition, fifteen months afterward." (*Hodson*, 277 Ill. at 141.) In light of the fact that he was before the court and any injury to him was already known, petitioner's 15-month delay was not reasonable and warranted dismissal of his petition.

The principles set forth in *Hodson* likewise required denial of the petition to set aside a widow's award in *In re Estate of Gersch* (1963), 43 Ill. App. 2d 224, 193 N.E.2d 208. The surviving spouse in *Gersch*,

who had been hospitalized with terminal illness both before and after her husband's death, died herself the day after the award was granted. Her medical expenses from the time her husband died until her own death totalled less than the award, and certain of those expenses had been paid by a son-in-law. Immediately after learning of her death, the heirs' attorney sent a letter to the attorney for the widow's estate advising of the " 'possibility' " that his clients might instruct him to object to any claim by the widow's estate for the award which had been granted. However, the heirs did not file a petition for review of the award until 18 months later. The *Gersch* court noted first that a surviving spouse award is meant to provide for the immediate and urgent needs of the widow or widower during the time immediately following the spouse's death. After noting the importance of prompt action on such an award, the court continued:

> "It is equally important that any contest thereon should be instituted with reasonable promptness after discovery of the alleged excessiveness of the award. \*\*\* If it were otherwise, a cautious administrator or executor would be forced to hold up payment of an award until the filing of the final account. This would defeat the very purpose of the statute." *Gersch*, 43 Ill. App. 2d at 228-29.

Like the court in *Hodson*, the *Gersch* court stressed that petitioners had done little to exercise their right to review the award at the time the right arose. Petitioners were not aided by their attorney's letter indicating the possibility that the heirs might object to a claim by the estate for the award. Of this letter the court said: "This vague assertion, with its minatory implications, is no substitute for the requirement of prompt action." (*Gersch*, 43 Ill. App. 2d at 229.) Neither was the court any more impressed by the fact that the widow's son-in-law had paid some of her expenses. In the court's words: "Nor does the fact that a relative has advanced funds to provide medical care for a widow in extreme circumstances alter the requirement [of prompt action]." *Gersch*, 43 Ill. App. 2d at 229.

■ Applying the principles of *Hodson* and *Gersch* to the case at bar, we find that the heirs' petition was not timely filed and thus was properly dismissed. Decedent's will was filed on December 14, 1982. Notice of admission of the will to probate was sent to the heirs on December 15, 1982. At that time, petitioners were before the court as legatees and devisees and were bound to take notice of the award to the surviving spouse. (*Hodson*, 277 Ill. at 141.) That the heirs were *actually* aware of the probate proceedings is evident from their appearances which were filed in July 1983. One month later, in August

1983, their attorney was furnished with a copy of the spousal award. Still the heirs did not file their petition to vacate until July 20, 1984, almost a year later.

The rule requires that a challenge to a spousal award be filed with reasonable promptness after discovery of the alleged impropriety of the award. (*Gersch*, 43 Ill. App. 2d at 228-29.) Here, respondents claim the award was improper because the surviving spouse received substantial nonprobate assets. They nowhere allege, however, that they did not discover the fact that she had received such assets until almost a year and a half after the award was granted. On the contrary, they themselves indicate that they were apprised by the co-executors' attorney in August 1983 that the widow had received considerable corporate assets by virtue of rights of survivorship.

The heirs' right to challenge the spousal award arose at the time the award was granted. Possibly they were aware of the impropriety they allege shortly thereafter, but in any event, no later than eight months afterward. Yet they did not object to the award until almost a year and a half after it was granted and almost a year after they were actually notified the widow had received nonprobate assets. Petitioners were before the court but did not avail themselves of the rights secured to them. Since they did not ask the aid of the court within a reasonable time, the trial court correctly dismissed their petition. *Hodson*, 277 Ill. at 141.

■ Our conclusion is not altered by the heirs' position that respondents have not met the requirements for a defense of *laches* as those requirements are set forth in *Miller v. Bloomberg* (1984), 126 Ill. App. 3d 332, 466 N.E.2d 1342. Petitioners contend that, under *Miller*, the party asserting *laches* "must allege and prove neglect or omission to assert a right conjoined with lapse of time and circumstances which cause prejudice to the movant." Petitioners' argument is not persuasive.

First of all, *Miller* involved plaintiffs' failure to reinstate proceedings in their cause of action for specific performance of a real estate option contract for more than two years after the cause was remanded by this court. The instant case, involving as it does the belated filing of a challenge to a spousal award, is not controlled by *Miller*. Moreover, as we pointed out above, the record supports respondents' allegations that the heirs neglected or omitted to assert a right within a reasonable amount of time. Finally, in the context of a spousal award challenge, while a showing of prejudice to the movant is certainly persuasive, it is not essential to maintenance of a *laches* defense. As pointed out in *Gersch*, where *laches* was specifically as-

serted (*Gersch*, 43 Ill. App. 2d at 228), the reason an objector to a surviving spouse award must act with reasonable promptness is that the purpose of the statute is defeated by delay. To allow an objector to proceed despite undue delay in asserting his right to review is to work violence to the very heart of the statutory provision for a surviving spouse's award. Prejudice from delay in this kind of case is to the statute rather than the movant.

We note relative to the statutory purpose that in *Hodson*, the prompt action requirement was not mitigated by the fact that the objection allegedly arose only after the widow renounced the will, some eight months after the award was made. Nor was it abated in *Gersch* even though the widow was dead, a relative had paid for her medical care, and the petitioners had notified the administrator of the possibility of an objection. It is clear to us that the integrity of the statutory purpose is the paramount end to be achieved by requiring prompt action in spousal award contests. Petitioners in the case now before us did not act with promptness commensurate with that end and thus are barred from proceeding.

■■ While it is not thoroughly clear, we perceive, and respondents address, an assertion in petitioners' brief that the reason they did not object sooner to the spouse's award is because of the lack of legal support for their position on the merits. Petitioners point out that *In re Estate of Caffrey* (1983), 120 Ill. App. 3d 917, 458 N.E.2d 1147, on which they rely, was decided in December 1983, a year after the award was made. *Caffrey*, which was represented to the court as a case of first impression, held that nonprobate assets received by a surviving spouse could properly be considered by the court in determining the support necessary for the surviving spouse. (*Caffrey*, 120 Ill. App. 3d at 922.) The implication is that *Caffrey* changed prior law and that the new, favorable law only became available to petitioners in December 1983. There is no merit to this argument. First of all, as a case of first impression, *Caffrey* did not overturn any existing law. It merely decided an issue which had not previously been raised. Furthermore, petitioners have shown no reason why they themselves could not have raised the issue. The statute specifies that on petition of an heir the spousal award may be increased or diminished "as justice requires." (Ill. Rev. Stat. 1983, ch. 110½, par. 15—3(b).) Obviously, the statute is meant to allow the heirs to challenge what they perceive as an unjust award. Here, as we pointed out above, petitioners were before the court and knew about the injustice they allege long before they filed their petition. That *Caffrey* had not yet been decided is irrelevant. Petitioners could have raised the issue of nonpro-

bate assets as a matter of first impression just as well as did petitioners in *Caffrey*. This they did not do. In fact, even after *Caffrey* was decided, petitioners waited another seven months to file their petition. *Caffrey* provides no excuse for their delay.

Accordingly, the order of the circuit court of Lake County dismissing petitioners' petition concerning spousal award is affirmed.

Affirmed.

LINDBERG, P.J., and DUNN, J., concur.